IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JAMES LEE LARSON, | ) | Cause No. CV 09-26-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN MIKE MAHONEY; | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On May 17, 2009, see Pet. (doc. 1) at 8, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270 (1988) (establishing prison mailbox rule), Petitioner James L. Larson filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding pro se.

Petitioner failed to pay the filing fee or move to proceed in forma pauperis. However, there is no reason to delay resolution of this matter on that basis.

**I. Petition**

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 1

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court lacks jurisdiction to consider a second petition under § 2254 where the petitioner has already filed one federal petition that was either denied on the merits or dismissed with prejudice on procedural grounds. See 28 U.S.C. § 2244(b)(1), (2), (3)(A); Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam) (remanding case adjudicated and appealed on merits to district court for dismissal for lack of jurisdiction); Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).

Petitioner previously filed a habeas petition in this Court on April 7, 2008. He challenged a judgment entered on April 26, 2006, in Lewis and Clark County, Montana, sentencing him on three counts of burglary and one count of theft. See Pet. (doc. 1) at 2, ¶¶ 1-3, Larson v. Mahoney, No. CV 08-25-H-DWM-RKS (D. Mont. Apr. 7, 2008). The petition was denied as time-barred and procedurally barred on December 11, 2008. See Order (doc. 10), Larson, No. CV 08-25-H. Judgment was entered against Petitioner on December 12, 2008. See Judgment (doc. 11), Larson, No. CV 08-25-H. Petitioner filed a second petition against the same judgment on December 17, 2008. Larson v. Mahoney, No. CV 08-83-H-DWM-RKS (D. Mont. filed Dec. 24, 2008). It was dismissed as an unauthorized second or successive petition on January 23, 2009. Order, Larson, No. CV 08-83-H (D. Mont. filed Jan. 23, 2009).

Petitioner's current petition challenges the same judgment as his first two federal habeas petitions. See Pet. (doc. 1) at 2-3, ¶¶ 1-3. Therefore, Petitioner must obtain leave from the Ninth Circuit Court of Appeals "*[b]efore* a second or successive application . . . is filed in the district court." 28 U.S.C. § 2244(b)(3) (emphasis added). Once again, the records of the Ninth Circuit show that Petitioner "did not seek, much less obtain, authorization to file." Burton, 549 U.S. at 153. Consequently, this Court lacks jurisdiction to proceed with this action at this time. The petition should be dismissed as an unauthorized second or successive petition.

## II. Certificate of Appealability

The foregoing analysis is based on clearly established, unambiguous law. There is no basis for a reasonable jurist to conclude that the instant petition is anything other than a second federal petition requiring preauthorization before it may be filed in this Court. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED for lack of jurisdiction as an unauthorized second petition.

2. The Clerk of Court should be directed to enter, by separate document, a

judgment of dismissal.

3.   A certificate of appealability should be DENIED.

4.   The District Court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from its disposition would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Petitioner must immediately advise the Court of any change in his mailing address while this action remains pending.

DATED this 19th day of May, 2009.

                                                      /s/ Keith Strong
                                                      Keith Strong
                                                     United States Magistrate Judge